Argued February 11, affirmed December 30, 1959

## SCHULTZ v. FIRST NATIONAL BANK
348 P. 2d 28

*Gordon A. Ramstead*, Eugene, argued the cause for appellant. On the brief were Ramstead & Avrit, Eugene, and Lynn Moore, Springfield.

*McDannell Brown*, Portland, argued the cause and filed a brief for respondent The First National Bank of Portland (Oregon).

Before McAllister, Chief Justice, and Rossman, Lusk and Warner, Justices.

WARNER, J.

This is one of the two matters wherein Lester Henry Schultz is plaintiff and the First National Bank of Portland (Oregon), as executor of the last will and testament of Dorothea M. Schultz, deceased, and her heirs and devisees, are defendants, hereinafter referred to as the second suit. This appeal, for the purposes of argument, was consolidated with *Schultz v. First National Bank et al.*, 220 Or —, 348 P2d 22, decided this date, and hereinafter referred to as the first suit.

The second suit (our file 17344) is one in equity, filed January 2, 1958, in the circuit court of Multnomah county, but not in the Probate Department as was the first cause. The complaint alleges substantially the same facts found in the amended petition of the first suit.

In the second suit the plaintiff prays that he be decreed the legally adopted child of the deceased and that the court enforce the original contract and consummate the adoption.

The defendant bank demurred to the complaint. This was sustained on the ground that it did not state a cause of action, and for the further reason there was another case then pending on appeal. Thereafter, upon plaintiff's failure to plead further, the court ordered the complaint dismissed. Plaintiff appeals from that order.

The first suit in the Probate Department of the circuit court is between the same parties and presents the same issues as does this second suit to enforce the alleged adoption agreement. For a statement of the allegations see the opinion in the first case, *Schultz v.*

*First National Bank et al.,* supra. Furthermore, it is evident from that opinion, the probate court had jurisdiction to determine the issues raised in the original suit to determine heirship, as is plaintiff's ultimate objective in this matter. ORS 117.510, 117.560.

Since the first suit was pending on appeal at the time the second suit was initiated, the demurrer to this subsequent action was properly sustained. ORS 16.-260(2).

Affirmed.